IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REBECCA ANN MARTIN, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00898-ESC |
| vs. | § § § | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY; | § § § § | |
| *Defendant.* | § § | |

# **ORDER**

This order concerns Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#17]. By her motion, Plaintiff asks the Court to award her attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), as the "prevailing party" in the above-styled cause of action. The EAJA provides a mandatory attorney's fee award for a prevailing party that meets certain financial eligibility requirements. *Baker v. Bowen*, 839 F.2d 1075, 1079–80 (5th Cir. 1988). Once the plaintiff establishes these facts, the government must pay attorney's fees unless it is able to prove that its position was substantially justified or special circumstances make an award unjust. *Id.*

The record reflects that on February 27, 2020, the Court granted the Commissioner's unopposed motion to remand because the ALJ presiding over Plaintiff's administrative hearing was not properly appointed under the U.S. Constitution's Appointments Clause [#15]. On March 3, 2020, the Court issued a Final Judgment remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) under the Supreme Court's decision in *Lucia v. SEC*, -- U.S.--, 138 S. Ct. 2044 (2018) [#16].

1

The Fifth Circuit has held that a party who obtains a remand in a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA.  *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam). Plaintiff maintains that she was the prevailing party in this suit because she sought and obtained a remand through filing this action in federal court by virtue of the Commissioner's decision to cease its defense of the ALJ decision and move for remand.

In support of the instant motion, Plaintiff's counsel has submitted an itemization of the hours he spent representing Plaintiff in this case before the Court.  (Ex. B [#18-2, #18-3, #18-4].) According to Plaintiff, her attorney has spent a total of 18.3 hours on this case at a rate of $201.99 per hour and the paralegal assisting her attorney spent a total of 6.2 hours at a rate of $100.00 per hour.  Plaintiff requests a total award of attorney's fees in the amount of $4,316.42 and expenses in the amount of $16.80 for certified mailing fees.  (*Id.*)

The Commissioner does not oppose Plaintiff's total requested award of $4,333.22, representing attorney's fees in the amount of $3,696.42, paralegal fees in the amount of $620.00, and expenses in the amount of $16.80.

Having reviewed the motion and the record in this case, and in light of the lack of opposition on the part of the Commissioner, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA as the prevailing party in this case, and the Court will grant Plaintiff's motion for an award of fees and expenses in the requested amount of $4,333.22.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#17] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $4,316.42 in attorney's fees and $16.80 in expenses made payable to Plaintiff and mailed to Plaintiff's counsel at his address on record.

**IT IS SO ORDERED**.

SIGNED this 5th day of June, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE